UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JOSEPH R. DICKEY,
    Reg. No. 25345-001
    Petitioner,

v.     Case No.  5:22-cv-84/TKW/ZCB

WARDEN, FCI MARIANNA
    Respondent.
_____/

# REPORT AND RECOMMENDATION

This is a *pro se* habeas corpus case under 28 U.S.C. § 2241.  Petitioner, Joseph R. Dickey, is a federal inmate housed at the Federal Correctional Institution in Marianna, Florida.  Petitioner has tried repeatedly to challenge his conviction and sentence under 28 U.S.C. § 2255.  Following the denial of his first § 2255 motion, Petitioner's attempts to file additional § 2255 motions have been rejected as impermissible second or successive motions.  The decisions rejecting Petitioner's second or successive motions have relied on 28 U.S.C. § 2244(b)(1), which prohibits raising in a second or successive motion arguments that were raised and rejected in the initial motion.  In the current § 2241 action, Petitioner asks this Court to declare 28 U.S.C. § 2244(b)(1) unconstitutional.  For the reasons below, Petitioner's request for relief under § 2241 should be denied and this matter dismissed.

1

## I.     Background

Petitioner pleaded guilty to numerous child sex offenses and was sentenced to 1,620 months' imprisonment by the U.S. District Court for the Northern District of Alabama. (N.D. Ala. Case 7:05cr321, Docs. 23, 35). He filed a direct appeal, which the Eleventh Circuit dismissed because of an appellate waiver in Petitioner's plea agreement. (N.D. Ala. Case 7:05cr321, Doc. 58). Petitioner filed his first 28 U.S.C. § 2255 motion to vacate on February 20, 2007. (N.D. Ala. Case 7:05cr321, Doc. 59). That motion was denied, Petitioner appealed, and the Eleventh Circuit affirmed. (N.D. Ala. Case 7:07cv8006, Docs. 67, 83, 91).

Petitioner then filed a second § 2255 motion on January 15, 2016. (N.D. Ala. Case 7:05cr321, Doc. 62). The district court denied the motion as an unauthorized second or successive § 2255 motion (N.D. Ala. Case 7:05cr321, Doc. 63). Petitioner then sought the Eleventh Circuit's permission to file a second or successive § 2255 motion, which was denied. (N.D. Ala. Case 7:05cr321, Doc. 64). In doing so, the Eleventh Circuit explained that under 28 U.S.C. § 2244(b)(1) and *In re Baptiste*, 828 F.3d 1337 (11th Cir. 2016), Petitioner was prohibited from "raising a claim that already has been presented in a prior application" for relief under § 2255. (*Id*. at 3-4). Petitioner later returned to the Eleventh Circuit, again seeking permission to file a second or successive § 2255 motion. (N.D. Ala. Case 7:05cr321, Doc. 67). He met the same fate—the Eleventh Circuit denied his request because his argument

"only relates to his previous applications to file second or successive § 2255 motions and requests that we reconsider our prior precedent and our previous orders denying him relief." (*Id.* at 3).

Having little success in the Northern District of Alabama and the Eleventh Circuit, Petitioner decided to try something different—he filed the current § 2241 petition in this Court on May 5, 2022.[1] In his petition, he argues that 28 U.S.C. § 2244(b)(1)—the statutory provision that has been applied to reject his second or successive § 2255 motions—does not apply to motions filed under § 2255 by federal inmates. (Doc. 1-1 at 2). He further argues that if § 2241(b)(1) does apply to § 2255 motions, then it is an unconstitutional suspension of the writ of habeas corpus. (Doc. 1 at 3; Doc. 1-1 at 2). As relief, Petitioner asks this Court to "[d]eclare 28 U.S.C. § 2244(b)(1) unconstitutional as applied." (Doc. 1 at 6).

Respondent has moved to dismiss the petition, arguing that this Court—the district of confinement—lacks jurisdiction because the claims raised are improper for a § 2241 petition and constitute attempts to avoid § 2255's bar on second or successive motions to vacate. (Doc. 8). Petitioner has responded, urging this Court "to adjudicate the Constitutional questions [he is] trying to present concerning the

---

[1] Petitioner later filed yet another second or successive § 2255 request with the Eleventh Circuit. The Eleventh Circuit denied his request on November 21, 2022, explaining once again that under 28 U.S.C. § 2244(b)(1) and *In re Baptiste*, Petitioner could not raise claims that were previously presented in the initial § 2255 motion. (N.D. Ala. Case 7:05cr321, Doc. 74 at 5).

application of 2244(b)(1)." (Doc. 9 at 2).

## II. Discussion

### A. A habeas corpus petition under 28 U.S.C. § 2241 is not the appropriate vehicle to obtain a declaration regarding the constitutionality of 28 U.S.C. § 2244(b)(1).

A petition filed under 28 U.S.C. § 2241 is one seeking a writ of habeas corpus. *Samak v. Warden, FCC Coleman-Medium*, 766 F.3d 1271, 1273-74 (11th Cir. 2014). A § 2241 petition is the vehicle for challenging "the execution of a sentence, rather than the validity of the sentence itself." *Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1351-52 (11th Cir. 2008). The appropriate venue for a § 2241 is the district where the prisoner is incarcerated. *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004). On the other hand, a motion to vacate under 28 U.S.C. § 2255 is the vehicle for a prisoner to challenge the lawfulness of his conviction and sentence. *United States v. Jordan*, 915 F.2d 622, 629 (11th Cir. 1990). A § 2255 motion must be filed in the district "which imposed the sentence." 28 U.S.C. § 2255(a).

Relief under § 2241 is available to a prisoner who is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Because a § 2241 petition is a habeas corpus petition, "the sole remedy that is available is the immediate or expedited release of a prisoner." *Santiago-Lebron v. Fla. Parole Comm'n*, 767 F. Supp.2d 1340, 1347 (S.D. Fla. 2011); *see also Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) ("[T]he traditional function of the writ is to

secure release from illegal custody."); *Wilkinson v. Dotson*, 544 U.S. 74, 79 (2005) (stating that "the writ's history makes clear that it traditionally has been accepted as the specific instrument to obtain release from unlawful confinement") (internal quotations omitted). A § 2241 habeas corpus petition is not the appropriate vehicle for obtaining a declaratory judgment regarding the constitutionality of a federal statute, unless release from custody or an alteration of the petitioner's sentence would automatically follow from the declaratory judgment. *See Wilkinson*, 544 U.S. at 78-80 (explaining the differences between habeas relief and relief under 42 U.S.C. § 1983); *see also Ruiz v. Campos*, 547 F. Supp.2d 682, 685 (W.D. Tex. 2008) (holding that the petitioner "fail[ed] to establish cognizable claims under § 2241" because a "decision in Petitioner's favor would not automatically entitle him to accelerated release"); *see also Fox v. Ortiz*, No. 18-13887 (RBK), 2019 WL 519567, at *2 (D.N.J. Feb. 11, 2019) (dismissing a § 2241 habeas petition because the petitioner did not "attack the duration of his incarceration nor does he seek release from prison").

    Here, Petitioner is not asking this Court for an order releasing him from custody or altering his sentence because he is being held in violation of federal law. Instead, Petitioner is asking this Court to declare a statute—28 U.S.C. § 2244(b)(1)—unconstitutional. Petitioner has made it very clear that is all he seeks. (Doc. 1 at 6; Doc. 1-1 at 3; Doc. 9 at 2). If this Court were to give Petitioner what

he asks for, he would not be released from custody, nor would his sentence be altered by this Court's order. As such, this case is not properly brought under 28 U.S.C. § 2241, and it is subject to dismissal on that basis. *See Waters v. Rios*, No. 17–cv–1367 (SRN/DTS), 2017 WL 3668761, at *3 (D. Minn. Aug. 23, 2017) (dismissing § 2241 petition because a "§ 2241 petition was an inappropriate vehicle to present" the claims in question); *see also Eskridge v. Edmonds*, No. 2:19-cv-69, 2019 WL 6138882, at *3 (E.D. Tenn. Nov. 19, 2019) (stating that "the impropriety of § 2241 as the vehicle for [the petitioner's claims] is sufficient to warrant dismissal of the petition").

**B. Even if Petitioner's claim was properly raised in a 28 U.S.C. § 2241 habeas corpus petition, it would lack merit.**

Assuming *arguendo* that Petitioner had properly raised his claim via this § 2241 petition, the petition would be denied because it lacks merit. Petitioner raises two separate arguments regarding 28 U.S.C. § 2244(b)(1). First, he says that § 2244(b)(1) does not apply to him because he is a federal inmate pursuing relief under § 2255 and § 2244(b)(1) applies to state inmates pursuing relief under § 2254. (Doc. 1-1 at 2). Second, he says that if § 2244(b)(1) does apply to him, then it is an unconstitutional suspension of the writ of habeas corpus. (*Id*. at 2-3). Unfortunately for Petitioner, both arguments contradict binding precedent.

Section 2244(b)(1) states "[a] claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior

6

application shall be dismissed." 28 U.S.C. § 2244(b)(1). Petitioner argues that this provision does not apply to him because he is a federal prisoner who filed a motion to vacate under § 2255, as opposed to a state prisoner who filed a habeas corpus petition under § 2254. The Eleventh Circuit, however, has clearly held that "§ 2244(b)(1)'s mandate applies to applications for leave to file a second or successive § 2255 motion presenting the same claims we have similarly rejected on their merits in a previous application." *In re Baptiste*, 828 F.3d 1337, 1340 (11th Cir. 2016); *see also In re Colley*, No. 22-12006, 2022 WL 2951938, at *2 (11th Cir. June 28, 2022) (citing *In re Baptiste* for the proposition that "[w]e must dismiss a claim presented in an application to file a second or successive § 2255 motion that was presented in a prior application for leave to file a second or successive § 2255 motion that was adjudicated with prejudice"). This Court is bound by *In re Baptiste* because it has not been overruled by the Eleventh Circuit sitting en banc or the U.S. Supreme Court.[2] Thus, there is no merit to Petitioner's claim that § 2244(b)(1) does not apply to second or successive § 2255 motions like those he has filed.

---

[2] Petitioner cites an opinion written by Justice Kavanaugh in *Avery v. United States*, 140 S. Ct. 1080 (2020), as support for his argument. (Doc. 1-1 at 2). The opinion, however, was not one for the Supreme Court. Rather, it was a separate opinion by Justice Kavanaugh commenting on the Supreme Court's decision to deny certiorari in a case. It is, therefore, not authoritative and does not disturb *In re Baptiste*'s status as controlling precedent that this Court must follow. The same is true for the dissenting opinions relied on by Petitioner. (Doc. 1-1 at 2).

There is similarly no merit to Petitioner's claim that § 2244(b)(1) violates the Constitution because it is a suspension of the writ of habeas corpus. That argument cannot be reconciled with the Supreme Court's decision in *Felker v. Turpin*, 518 U.S. 651, 664 (1996), which held that restrictions on successive habeas petitions imposed by the Anti-Terrorism and Effective Death Penalty Act (AEDPA)—such as those found in § 2244(b)(1)—"do not amount to suspension of the writ." The Eleventh Circuit has similarly held that "the writ has not been suspended whenever a prisoner cannot file a successive collateral attack." *McCarthan v. Dir. of Goodwill Indus.-Suncoast Inc.*, 851 F.3d 1076, 1095 (11th Cir. 2017). Other circuit courts have said the same thing. *See, e.g.*, *Bannister v. Bowersox*, 128 F.3d 621, 623 (8th Cir. 1997) (rejecting argument that § 2244(b)(1) is an "unconstitutional suspension of the writ of habeas corpus"); *Chades v. Hill*, 976 F.3d 1055, 1056-57 (9th Cir. 2020) (same); *In re Richardson*, 802 F. App'x 750, 759 (4th Cir. 2020) (same). Thus, there is no merit to Petitioner's argument that § 2244(b)(1)'s restriction on second or successive § 2255 motions is an unconstitutional suspension of the writ of habeas corpus.

### III.   Conclusion

For the reasons above, it is respectfully **RECOMMENDED** that:

1. Respondent's Motion to Dismiss Mischaracterized, Unauthorized Third § 2255 Petition for Lack of Jurisdiction (Doc. 8) be **GRANTED**.

2. The petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (Doc. 1) be **DENIED and DISMISSED**.

3. Petitioner's Motion for an Evidentiary Hearing or Oral Conference (Doc. 10) be **DENIED** as moot.

4. The Clerk of Court be directed to close the file.

At Pensacola, Florida, this 8th day of December 2022.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**