UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JOSEPH R. DICKEY,
Reg. No. 25345-001
      Petitioner,

v.                                          Case No. 5:22cv84/TKW/ZCB

WARDEN PISTRO,
FCI MARIANNA,

      Respondent.

_____/

## ORDER

This case is before Court based on the magistrate judge's Report and Recommendation (Doc. 11) and Petitioner's objections (Doc. 12). The Court reviewed the issues raised in the objections de novo as required by 28 U.S.C. §636(b)(1) and Fed. R. Civ. P. 72(b)(3), and based on that review, the Court agrees with the magistrate judge's determination that Petitioner cannot use a §2241 habeas petition to challenge the validity of the federal statute (28 U.S.C. §2244(b)(1)) that is precluding him from asserting a successive "actual innocence" claim.

The Court did not overlook Petitioner's argument that one judge on the Eleventh Circuit agrees with him that §2244(b)(1) does not apply to federal prisoners. *See In re Dickey*, Case No. 20-11417, ECF No. 3, at 6-7 (11th Cir. June

16, 2020) (Martin., J., concurring in the denial of Petitioner's application for leave to file a second or successive §2255 motion). However, that judge acknowledged that Petitioner's argument was foreclosed by binding Eleventh Circuit precedent. *Id.* at 7. Thus, unless and until the Eleventh Circuit recedes from that precedent or the Supreme Court overturns it, the claim that Petitioner seeks to raise through the petition in this case is meritless.

The Court also did not overlook Petitioner's argument that the magistrate judge should have construed his petition under the "proper vehicle" if his claims cannot be raised through a §2241 petition. However, even if the magistrate judge had done so, the outcome would have been the same because Petitiner's statutory interpretation claim is foreclosed by binding Eleventh Circuit precedent, *see In re Baptiste*, 828 F.3d 1337 (11th Cir. 2016), and the constitutional claim is meritless, *see* Doc. 11 at 8 (citing cases rejecting the argument that restrictions on successive habeas petitions amount to a suspension of the writ). Additionally, it is unclear what the "proper vehicle" would be (or who the proper defendant would be) because anything this Court might say about the applicability or constitutionality of §2244(b)(1) would not bind the Eleventh Circuit in its determination of whether defendant could file a successive §2255 petition in the first place.

Accordingly, it is **ORDERED** that:

1. The magistrate judge's Report and Recommendation is adopted and incorporated by reference in this Order.

2. Respondent's motion to dismiss (Doc. 8) is **GRANTED**, and the petition under 28 U.S.C. §2241 (Doc. 1) is **DISMISSED**.

3. Petitioner's "Motion for an Evidentiary Hearing or Oral Conference" (Doc. 10) is **DENIED as moot**.

4. The Clerk shall enter judgment in accordance with this Order and close the case file.

**DONE and ORDERED** this 27th day of December, 2022.

_____
**T. KENT WETHERELL, II**
**UNITED STATES DISTRICT JUDGE**